THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANSPORT APPAREL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BRAVO WHOLESALE INC., <br><br> Defendant. | C.A. No. <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PERMANENT INJUNCTION AND DAMAGES**

Plaintiff JanSport Apparel Corp. ("Plaintiff" or "Jansport") by and through its undersigned counsel, complains of defendant Bravo Wholesale Inc.'s ("Defendant") conduct and alleges upon information and belief as to Defendant's acts as follows:

**NATURE OF THIS ACTION**

1. Plaintiff seeks injunctive relief and monetary damages for Defendant's false advertising and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, arising from Defendant's wrongful, unauthorized promotion and sale of Plaintiff's products through online commerce sites including but not limited to, Amazon.com.

2. Defendant obtains its inventory of Plaintiff's branded products through closeout, liquidation, or unauthorized distribution channels.

3. Products sold through closeout, liquidation, or unauthorized distribution channels are not "new" products.

4. Despite the fact that its products are not in "new" condition, Defendant is falsely advertising and selling its products as "new" products.

5. Consumers are likely to be and have been actually confused by Defendant's sale

of products bearing Jansport's trademarks falsely advertising products as "new."

6. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of consumers and Jansport.

7. As a result of Defendant's actions, Jansport is suffering a loss of the enormous goodwill that it has created in its trademarks and is losing profits from lost sales of products that are actually in new condition. This action seeks permanent injunctive relief and damages for Defendant's misconduct.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

9. Defendant is subject to personal jurisdiction in this forum because it sells products within the United States, the State of Delaware, and this District; because Defendant misrepresented the nature of products to residents of the United States, the State of Delaware, and this District; because Defendant has caused injury to Plaintiff in the United States, the State of Delaware, and this District; because Defendant practices the unlawful conduct complained of herein, in part, within the United States, the State of Delaware, and this District; because Defendant regularly conducts or solicit business within the United States, the State of Delaware, and this District; because Defendant regularly and systematically directs electronic activity into the United States, the State of Delaware, and this District with the manifest intent of engaging in business within the United States, the State of Delaware, and this District, including the sale and/or offer for sale of products to Internet users within the United States, the State of Delaware,

and this District, and because, upon information and belief, Defendant has entered into contracts with residents of the United States, the State of Delaware, and this District for the sale of items through various online retail platforms.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## PARTIES

11. Plaintiff Jansport Apparel Corp. is a Delaware corporation with a principal place of business in Colorado.

12. Defendant Bravo Wholesale Inc. is a California corporation. It sells products, including those at issue in this lawsuit, via various internet platforms. Its most prominent storefront is through its amazon.com storefront named Bravo Wholesale. On its online profile page, it lists an address of 532 Gallardo St., Los Angeles, CA.

13. Amazon.com has assigned Defendant's storefront user ID A2IR3Q6QXTOOU3.

## FACTS

**A.     Plaintiff's Iconic Brand**

14. Since 1967, Jansport has designed packs, bags and outdoor gear to equip its customers for their daily adventures. It is committed to making durable, functional, versatile products its customers can count on, whether they're headed into a long day, out with friends or going off the grid.

15. As its name suggests, Jansport Apparel Corp. owns the trademark rights to its entire family of JANSPORT Marks. The JANSPORT Marks are registered at the USPTO and include, but are not limited to, the following registered trademarks: JANSPORT (Reg. No. 3,316,763), JANSPORT (Reg. No. 1,919,738), and JANSPORT (Reg. No. 5,447,005).

16. Said registrations are in full force and effect and Defendant is on constructive

notice of each mark. All of Plaintiff's trademarks are collectively referred to as the "JANSPORT Marks."

17. Jansport has invested significant time, money, and effort in advertising, promoting, and developing the JANSPORT Marks throughout the United States and the world. As a result of such actions, Jansport has established substantial goodwill and widespread recognition in the JANSPORT Marks.

18. Given its high quality products, Jansport offers a limited lifetime warranty on all JANSPORT branded equipment (e.g., packs, bags, pouches, totes, cases) to the original owner against manufacturing defects in materials and workmanship (with certain exclusions not relevant to the present action).

### B.   Defendant's Infringing and Improper Conduct

19. Defendant has sold and is currently selling JANSPORT branded equipment on several online retail platforms, including, but not limited to, Amazon.com.

20. Defendant represents that its Jansport products are "new" despite the fact that they are used, close-out, or liquidation products.

21. Defendant offers for sale and sells Jansport products using the JANSPORT Marks.

22. Plaintiff has never authorized or otherwise granted Defendant permission to use the JANSPORT Marks.

23. Defendant purchases its products from closeout, liquidation, or unauthorized distribution channels.

24. Despite the fact that they are selling liquidated, used and often defective products, Defendant advertises the condition of the Jansport products it is selling as "new."

4

25. In order to list as "New" on Amazon, Amazon requires, and therefore customers expect, that the product must be a brand-new item with the original manufacturer's warranty with warranty details included in the listing comments.

26. In order to list as "Renewed" on Amazon, Amazon requires, and therefore customers expect, that the product has been inspected by the Amazon reseller (here the Defendant) and looks like new. The product has minimal to no signs of wear, no visible cosmetic imperfections when held 12 inches away and may have exceptions so long as they are mentioned on the product detail page.

27. In order to list as "Used - Like New or Open Box" on Amazon, Amazon requires, and therefore customers expect, that the product be in perfect working condition. Original protective wrapping may be missing, but the original packaging is intact and in good condition with minor damage possible with instructions included.

28. In order to list as "Used - Very Good" on Amazon, Amazon requires, and therefore customers expect, that the product is a well-cared-for item that has seen limited use and remains in good working condition. The item may show some limited signs of wear with small scratches or cosmetic blemishes. The item may arrive with damaged packing or be repackaged and could be missing some accessories. Missing accessories are clearly defined for each item.

29. Despite offering their products as "New," the Jansport products sold by Defendant do not meet Amazon's definition or the customer's expectation of what is a "new" product. Instead, Defendant misrepresents and miscategorizes Renewed, Used - Like New or Open Box, or Used - Very Good Plaintiff's Products as New Jansport products.

30. The condition of a product is a critical feature to the consumer. Indeed, recognizing this fact, Amazon allows a consumer to sort products available by their condition.

31. Moreover, consumers have a poor purchasing and brand experience when they buy a liquidated, used, or close-out item believing it to be in "new" condition.

32. For example, customers have left the following feedback and star ratings on products purchased from Defendant:

- "Used: Gross. My son went to pack up his bag for school and inside was an old piece of gum, wrapped up in a smooshed wrapper, and a blue pen. Clearly not new and I paid way too much for this for somebody's return. It came in a sealed plastic bag. Very disappointed." 3 out of 5 stars.

- "Stained all over the front" 2 out of 5 stars.

- "Very thin backpack. Felt like a Jansport knock off." 2 out of 5 stars.

33. A review of the Defendant's feedback above also makes clear that its packaging often shows up damaged or in poor condition. This is expected as Defendant is purchasing product from liquidation, close-out, or unauthorized distribution channels.

34. Moreover, as Defendant purchases product from liquidation, close-out, or unauthorized distribution channels, its customers are not the original owners and Jansport's lifetime warranty does not apply.

35. As a result, Defendant is selling a materially different Jansport product than what a customer expects to receive.

36. Moreover, Defendant incorrectly touts to its customers that Jansport's warranty is valid as can be seen from the following:

> "We are selling 100% Authentic JanSport backpack. JanSport product is LIFETIME WARRANTY, Please make sure the size of your need before purchase."
>
> By Bravo Wholesale on December 31, 2020.

    **C.**    **The Likelihood of Confusion and Injury Caused by Defendant's Actions**

37. As shown above, Defendant's actions substantially harm Jansport by placing inferior Jansport products into the stream of commerce in the United States and advertising them as "new."

38. Defendant's actions substantially harm Jansport and its consumers who ultimately purchase Defendant's inferior products believing them to be the same genuine, high-quality products that they would receive from Jansport.

39. Defendant's conduct results in consumer confusion as well as the dilution of Jansport's goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

40. As a result of Defendant's actions, Jansport is suffering the loss of the enormous goodwill it created in the JANSPORT Marks.

41. Defendant is likely to continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable harm.

**COUNT I**
**Unfair Competition, False Advertising, False Designation of Origin**
**in Violation of 15 U.S.C. § 1125(a)**

42. Plaintiff hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

43. This is a claim for federal trademark infringement under 15 U.S.C. § 1125(a).

44. Plaintiff engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the JANSPORT Marks, throughout the United States.

45. The JANSPORT Marks have been, and will continue to be, known throughout the

United States as identifying and distinguishing Jansport's products and services.

46. By selling or distributing products as alleged herein, Defendant is engaging in unfair competition, false advertising, falsely designating the origin of its goods and services, and/or falsely representing sponsorship by, affiliation with, or connection to Plaintiff and its goods and services in violation of 15 U.S.C. § 1125(a).

47. By selling or distributing used or liquidated Jansport products as "new" as described herein, Defendant is engaging in unfair competition and false advertising in violation of 15 U.S.C. § 1125(a).

48. By advertising or promoting products using the JANSPORT Marks as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

49. Defendant's continued use of the JANSPORT Marks constitutes the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of 15 U.S.C. § 1125(a).

50. Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to Plaintiff's goodwill and reputation as symbolized by the JANSPORT Marks, for which Plaintiff has no adequate remedy at law.

51. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the JANSPORT Marks, thereby causing immediate, substantial, and irreparable injury to Plaintiff.

52. By selling and advertising products under the JANSPORT Marks as described

herein, Plaintiff is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

53. As a direct and proximate result of Defendant's actions, Plaintiff has been, and continue to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and unless their conduct is enjoined, Plaintiff's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays for judgment in its favor and against Defendant providing the following relief:

1. Finding that, (i) as to Count I, Defendant's unauthorized sale of Jansport products as described herein is a violation of 15 U.S.C. § 1125(a); resulting in Defendant, its officers, agents, servants, employees, attorneys, and any other persons or entities acting in concert or participation with Defendant, including but not limited to any online platform such as Amazon.com or any other website, website host, website administrator, domain registrar, or internet service provider, being preliminarily and permanently enjoined from:

   a. using the JANSPORT Marks or any other of Plaintiffs' intellectual property;

   b. falsely advertising the condition of any Jansport products;

   c. selling, or taking any steps to sell, acquiring, or taking any steps to acquire any Jansport products in violation of the Lanham Act;

   d. engaging in any activity constituting unfair competition with Plaintiff;

   e. inducing, assisting, or abetting any other person or entity in engaging in or

9

performing any of the business activities described in the paragraphs above.

2. Award Plaintiff its damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

3. Award Plaintiff Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

4. Award Plaintiff its reasonable attorneys' fees in bringing this action as allowed by law;

5. Award Plaintiff pre-judgment and post-judgment interest in the maximum amount allowed under the law;

6. Award Plaintiff the costs incurred in bringing this action; and

7. Grant Plaintiff such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury on all causes of action so triable.

Dated: August 10, 2021                    **K&L GATES LLP**

*/s/ Steven L. Caponi*
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
600 North King Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 416-7000
steven.caponi@klgates.com
matthew.goeller@klgates.com

*Attorneys for Plaintiff*